IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ANTHONY WHITE,                  :    CIVIL ACTION
                                :    NO. 10-731
        Petitioner,             :
                                :
        v.                      :
                                :
PERRY PHELPS, Warden, and       :
ATTORNEY GENERAL OF THE STATE   :
OF DELAWARE,                    :
                                :
        Respondents.            :

**M E M O R A N D U M**

EDUARDO C. ROBRENO, J.                    November 23, 2010

**I.  BACKGROUND**

Petitioner Anthony White has filed an application for
federal habeas corpus relief pursuant to 28 U.S.C. § 2254
("Petition"), asserting the following four claims: (1)
ineffective assistance of counsel; (2) prosecutorial misconduct;
(3) the trial court's abuse of discretion violated Petitioner's
right to a fair trial; and (4) the Delaware Superior Court abused
its discretion by finding Petitioner's "abuse of discretion" and
prosecutorial misconduct claims procedurally barred on post-
conviction review.  (D.I. 1)  Claim three contains separate
allegations concerning the trial court's "abuse of discretion,"
namely: (a) the trial court refused to sanction the prosecutor
for his blatant disregard of the court's rules, orders, and
objections; (b) the trial court refused to give cautionary
accomplice liability instructions to the jury; and (c) the trial
court refused to <u>sua sponte</u> order a mistrial due to juror

misconduct resulting from an "out of courtroom" voir dire.  Id. at p. 9.

      According to the Petition, Petitioner has exhausted state remedies for all four claims.  However, attached to the Petition is a copy of a "pending [second] state post-conviction motion" filed pursuant to Delaware Superior Court Criminal Rule 61 ("second Rule 61 motion") that Petitioner filed just days before filing the instant Petition.  The second Rule 61 motion asserts that the Superior Court failed to address the independent constitutional issue regarding improper jury contact with the trial judge that was raised in Petitioner's first Rule 61 motion, and contends that further review of the claim is permitted under Rule 61(i)(5)in order to prevent a miscarriage of justice. (D.I. 1 at pp. 19, 21) Consequently, when he filed the instant Petition, Petitioner also filed a "Motion to Stay and Abey" the habeas proceeding while he continues to exhaust state remedies via the pending Rule 61 motion in the Superior Court.  (D.I. 4) Petitioner asserts that a stay is necessary because there will be "approximately 30 days remaining [in the] one-year limitations period" once he has finished exhausting state remedies.  Id. at pp. 5, 6.

## II.  THE ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

      Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution

of state and federal criminal sentences . . . and to further the
principles of comity, finality, and federalism." Woodford v.
Garceau, 538 U.S. 202, 206 (2003)(internal citations and
quotation marks omitted).  Pursuant to AEDPA, a federal court may
consider a habeas petition filed by a state prisoner only "on the
ground that he is in custody in violation of the Constitution or
laws or treaties of the United States."  28 U.S.C. § 2254(a).

AEDPA imposes procedural requirements and standards for
analyzing the merits of a habeas petition in order to "prevent
federal habeas 'retrials' and to ensure that state-court
convictions are given effect to the extent possible under law."
Bell v. Cone, 535 U.S. 685, 693 (2002);  see Woodford, 538 U.S.
at 206.  For instance, AEDPA effectively precludes petitioners
from filing a second or subsequent habeas petition except in the
most unusual of circumstances.  See United States v. Miller, 197
F.3d 644 (3d Cir. 1999);  Mason v. Meyers, 208 F.3d 414 (3d Cir.
2000).  Consequently, a petitioner challenging the legality of
his detention pursuant to the judgment of a State court must
include in one § 2254 petition all the arguments he has to
collaterally attack the State judgment.  Mason, 208 F.3d at 417-
18.

Additionally, except in extremely limited circumstances, a
petitioner must file this all-inclusive petition within one year
of the date on which the judgment of conviction becomes final by

3

the conclusion of direct review or the expiration of time for seeking such review.  See 28 U.S.C. § 2244(d)(1)(A).  The one-year limitations period is subject to statutory and equitable tolling.  See 28 U.S.C. § 2244(d)(2)(statutory tolling);  Holland v. Florida, - U.S. -, 130 S.Ct. 2549, 2560 (2010) (equitable tolling).

And finally, a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims.  See 28 U.S.C. § 2254(b)(1)(A).  A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider them on the merits.  See Duncan v. Henry, 513 U.S. 364, 365 (1995); Castille v. Peoples, 489 U.S. 346, 351 (1989);  Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

## III.   SUMMARY DISMISSAL

Pursuant to AEDPA, a district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief."  Rule 4, 28 U.S.C. foll. § 2254.  Sometimes a petitioner will present a federal district court with a mixed petition, which is a petition containing both exhausted and unexhausted habeas claims.  See generally Rose v.

4

<u>Lundy</u>, 455 U.S. 509 (1982).  As a general rule, when a petitioner presents a district court with a mixed petition, and the operation of the federal limitations period will not clearly foreclose a future collateral attack, the district court must dismiss the entire petition without prejudice to permit exhaustion of state remedies for the unexhausted claims.  <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269 (2005);  <u>Pliler v. Ford</u>, 542 U.S. 225 (2004);  <u>Rose</u>, 455 U.S. at 510, 522;  <u>Lambert v. Blackwell</u>, 134 F.3d 506, 513 (3d Cir. 1997).  Recently, however, in <u>Urcinoli v. Cathel</u>, 546 F.3d 269, 275-77, 277 n.9 (3d Cir. 2008), the Third Circuit explained that, prior to dismissing a mixed petition, it would be "good practice" for a district court to provide the petitioner with a choice of three procedural options for proceeding with his mixed petition.  The three alternatives include:  (1) dismissal of the petition without prejudice in order to enable the petitioner to return to state court to exhaust state remedies; (2) deletion of the unexhausted claims from the petition so that the habeas proceeding would continue with only the remaining exhausted claims; and (3) in limited circumstances, staying the mixed petition and holding the case in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims.  <u>Id.</u> at *3.  The language in the <u>Urcinoli</u> decision suggests that a district court should inform a petitioner of these three options before deciding to

dismiss the petition without prejudice even when the operation of the AEDPA one-year period will not clearly foreclose a future collateral attack.   Id. at *6 n.9.

## III.  DISCUSSION

### A.  Petitioner's Motion to Stay and Abey

As a general rule, a federal habeas court is authorized to stay a habeas proceeding only if the habeas application contains both exhausted and unexhausted claims, and the petitioner satisfies the following three requirements: there is good cause for the petitioner's failure to exhaust state remedies, the unexhausted claims are potentially meritorious, and there is no indication that the petitioner intentionally engaged in dilatory tactics.  Rhines, 544 U.S. at 277; but see Heleva v. Brooks, 581 F.3d 187 (3d cir. 2009)(holding that a habeas petitioner could be eligible for the stay-and-abey procedure even if the petition is not mixed and contains only unexhausted claims).  "Good cause" typically requires a showing that requiring exhaustion will result in the petition being time-barred by the one-year limitations period prescribed in 28 U.S.C. § 2244.  Heleva, 581 F.3d at 192.

Given the similarity between the juror misconduct issue raised in Claim Three of this Petition and the argument raised in Petitioner's second Rule 61 motion filed in the Delaware Superior Court, and the fact that Petitioner's second Rule 61 motion was

6

filed pursuant to Rule 61(i)(5),[1] the Court accepts Petitioner's

assertion that the instant Petition is mixed.  Nevertheless, the

Court concludes that Petitioner has failed to demonstrate "good

cause" warranting a stay of the instant habeas proceeding,

because he has erroneously concluded that there are only 30 days

remaining in the one-year limitations period.  For instance,

assuming that Petitioner has "properly filed" his second Rule 61

motion in the Delaware Superior Court, it appears that only 146

days of the one-year limitations period will have passed when

that post-conviction proceeding has concluded, leaving Petitioner

with time to comply with AEDPA's one-year limitations period if

---

[1]As previously explained, Petitioner already presented his
juror misconduct claim to the Delaware State Courts in his first
Rule 61 motion, and the State Courts denied the claim as
procedurally barred under Delaware Superior Court Criminal Rule
61(i)(3) due to his failure to raise it on direct appeal.  This
prior presentation to, and denial by, the Delaware State Courts
satisfied the exhaustion requirement, and his present pursuit of
relief in the Delaware State Courts would appear to be irrelevant
to the exhaustion issue.  Nevertheless, pursuant to 28 U.S.C. §
2254(c), a petitioner "shall not be deemed to have exhausted the
remedies available in the courts of the State [] if he has the
right under the law of the State to raise, by any available
proceeding, the question presented."  In this case, Petitioner
has presented the juror misconduct claim to the Superior Court in
his second Rule 61 motion under Delaware Superior Court Criminal
Rule 61(i)(5).  Rule 61(i)(5) asserts that the Rule 61(i)(3) bar
is inapplicable to "a colorable claim that there was a
miscarriage of justice because of a constitutional violation that
undermined the fundamental legality, reliability, integrity or
fairness of the proceedings leading to the judgment of
conviction."  Thus, because Rule 61(i)(5) provides Petitioner
with a method for possibly obtaining review of his procedurally
defaulted claim, the Court will accept Petitioner's statement
that his Petition contains one unexhausted claim.

he diligently pursues relief.[2]  Moreover, even if Petitioner

correctly asserts that there are only 30 days remaining in the

limitations period, Third Circuit precedent indicates that this

circumstance does not constitute "good cause."  See Heleva, 581

F.3d at 193.  Accordingly, the Court will deny Petitioner's

Motion to Stay and Abey.

_____

[2]The limitations period is tolled during the pendency of
properly filed applications for state post-conviction relief.
See 28 U.S.C. § 2244(d)(1),(2).  Here, the Delaware Supreme Court
affirmed Petitioner's conviction on September 5, 2008, and there
is no indication that Petitioner sought certiorari review in the
United States Supreme Court.  White v. State, 957 A.2d 2 (Table),
2008 WL 339413 (Del. Sept. 5, 2008).  As a result, Petitioner's
judgment of conviction became final for habeas purposes 90 days
later, on December 4, 2008.  See Kapral v. United States, 166
F.3d 565, 575-78 (3d Cir. 1999)(holding that the limitations
period under § 2244(d)(1)(A) begins to run upon the expiration of
the 90-day period for seeking review in the Supreme Court.)  The
limitations period started to run on December 5, 2008, and ran
for a total of 40 days until he filed his first motion for post-
conviction relief pursuant to Delaware Superior Court Criminal
Rule 61 on January 14, 2009. (D.I. 1, at ¶ 11)  The Delaware
Superior Court denied the first Rule 61 motion on May 15, 2009,
and Petitioner appealed that decision.  (D.I. 3, at pp. 45-88)
Consequently, Petitioner's first Rule 61 motion tolled the
limitations clock from January 14, 2009 through May 12, 2010, the
date on which the Delaware Supreme Court denied re-argument on
its decision to affirm the Superior Court's denial of
Petitioner's first Rule 61 motion. See 28 U.S.C. § 2244(d)(2);
White v. State, 994 A.2d 745 (Table), 2010 WL 1781021 (Del. May
4, 2010), reargument denied (May 12, 2010).  The limitations
clock started running again on May 13, 2010, and ran another 106
days until August 26, 2010, the date on which Petitioner filed
his second Rule 61 motion  If the second Rule 61 motion has been
properly filed for § 2244(d)(2) purposes, it will toll the
limitations period until the motion and any properly filed post-
conviction appeal has been decided.  Thus, according to these
calculations, only 146 days of the one-year limitations period
have lapsed, providing Petitioner with ample opportunity to
timely file a habeas petition after exhausting state remedies for
all of his habeas claims.

**B.  Summary Dismissal**

Having determined that the "stay and abey" procedure is not warranted in this case, the Court concludes that summary dismissal of the instant mixed Petition is appropriate. Nevertheless, pursuant to <u>Urcinoli</u>, before ordering such a dismissal, the Court will provide Petitioner with the following options.  First, Petitioner may delete his unexhausted claim(s) and proceed with his exhausted claim(s).  If Petitioner chooses this course of action, he should be aware that, by deleting his unexhausted claim(s), he may be unable to obtain federal habeas review of that claim at any future point in time.  <u>See</u> 28 U.S.C. § 2244.  Alternatively, Petitioner may opt to have the entire Petition dismissed without prejudice in order to enable him to re-file the entire Petition once the Delaware State Courts have completed their post-conviction review of Petitioner's pending Rule 61 motion.  If Petitioner chooses this course of action, he should pay attention to the one-year statute of limitations period applicable to federal habeas petitions to avoid any future re-filing of his Petition from being time-barred by the Federal habeas statute of limitations.

And finally, given the possibility that Petitioner's second Rule 61 proceeding may have been decided by this point in time, thereby eliminating the exhaustion issue, Petitioner may decide to either proceed with the Petition as filed, or amend the

Petition to include additional exhausted claims.  The Court will attach a "tailored" AEDPA election form to this Memorandum and Order setting forth these alternatives for Petitioner.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that the Petition contains both exhausted and unexhausted claims.  Having determined that the stay-and-abey procedure is not warranted in this case, the Court will provide Petitioner with an opportunity to inform the Court as to whether: (1) he wishes to delete the unexhausted claim(s) from the Petition and proceed only with the exhausted claim(s); (2) he wishes to have the entire Petition dismissed without prejudice so that he can re-file all claims in a new Petition once he has exhausted state remedies; or (3) if the formerly unexhausted claims are now exhausted, continue with the Petition as filed, or add new exhausted claims to the existing Petition.

An appropriate Order follows.


DATED:                        S/Eduardo C. Robreno
                              **EDUARDO C. ROBRENO, J.**

10

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANTHONY WHITE,                    :    CIVIL ACTION
                                  :    NO. 10-731
    Petitioner,               :
                                  :
    v.                        :
                                  :
PERRY PHELPS, Warden, and         :
ATTORNEY GENERAL OF THE STATE     :
OF DELAWARE,                      :
                                  :
    Respondents.              :

**O R D E R**

**AND NOW**, this 23 day of November, 2010, for the reasons
stated in the accompanying Memorandum, it is hereby **ORDERED** that:

1.  Petitioner Anthony D. White's motion to stay his habeas
proceeding is **DENIED** without prejudice.  (D.I. 4)

2.  **No later than 30 days after the entry of this Order**,
Petitioner must file the attached AEDPA Election Form informing
the Court how he wishes to proceed, namely, whether he wants to
delete the unexhausted claims and proceed with only the exhausted
claims in the Petition; dismiss the entire Petition without
prejudice to permit re-filing upon exhaustion; or, if exhaustion
of state remedies has occurred by the date of this Order,
continue with the Petition as filed or amend the Petition to add
new exhausted claims.  Petitioner's failure to file the AEDPA
Election Form by the aforementioned deadline will result in the

Court dismissing the Petition without prejudice for failure to exhaust state remedies.

**AND IT IS SO ORDERED.**


 S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ANTHONY WHITE,                          :     CIVIL ACTION
                                        :     NO. 10-731
    Petitioner,                     :
                                        :
    v.                              :
                                        :
PERRY PHELPS, Warden, and               :
ATTORNEY GENERAL OF THE STATE :
OF DELAWARE,                            :
                                        :
    Respondents.                    :

**AEDPA ELECTION FORM**

1.   _____   All claims in the petition are now exhausted,
                 and I wish the Court to rule on my § 2254
                 petition as currently pending.  I realize
                 that the law does not allow me to
                 file successive or later petitions unless I
                 receive certification to do so from the
                 United States Court of Appeals for the
                 Third Circuit; therefore, this petition
                 will be my one opportunity to seek federal
                 habeas corpus relief.

2.   _____   All claims in the petition are now exhausted,
                 but I wish to amend my § 2254 petition
                 to include all the grounds I have.  I will
                 do so within thirty (30) days.  I realize
                 that the law does not allow me to file
                 successive or later petitions unless I
                 receive certification to do so from the
                 United States Court of Appeals for the
                 Third Circuit; therefore, this amended
                 all-inclusive petition will be my one
                 opportunity to seek federal habeas corpus
                 relief.

3.   _____   I wish to withdraw my § 2254 petition

1

without prejudice to file one all-inclusive
petition in the future; that is, one
that raises all the grounds I have for
federal habeas corpus relief.  I realize
this all-inclusive petition must be filed
within the one-year period as defined by
28 U.S.C. § 2244(d).  See Swartz v. Meyers,
204 F.3d 417 (3d Cir. 2000).

4.  _____   I wish to delete the following the
                unexhausted claim(s) _____

_____

and proceed only with the following exhausted
claim(s): _____
          _____
          _____
          _____.

5.  _____   I am not seeking federal habeas corpus
                relief under § 2254.  I am instead seeking
                relief under _____.


                _____
                Petitioner

2